# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ST. ROSE CORONADO 613, LLC,

     Plaintiff

v.

VALLEY ELECTRIC ASSOCIATION, INC.,

     Defendant

Case No.: 2:19-cv-01402-APG-EJY

**Order Dismissing Case for Lack of Subject Matter Jurisdiction**

Plaintiff St. Rose Coronado, LLC (St. Rose) brings this lawsuit against defendant Valley Electric Association, Inc. (Valley) challenging Valley's use of a right of way across a piece of property. St. Rose contends this court has subject matter jurisdiction because the case "involves the application and interpretation of federal statutes . . . with regard to the Federal Bureau of Land Management (the 'BLM') allowance to private[ parties] of use of its lands and its forfeiture of rights to local governments, such as the City of Henderson." ECF No. 1 at 4. St. Rose contends that BLM had no authority to grant the right of way to Valley because BLM had transferred ownership of the land to the City of Henderson before it finally approved the right of way. *Id.* at 4-5. St. Rose asserts state law claims for civil trespass, ejectment, and declaratory relief as to whether the right of way encumbers the subject property. *Id.* at 6-8.

This court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. There are three ways to establish federal question jurisdiction under § 1331. First, the plaintiff may assert a federal claim in the complaint, meaning that federal law creates the cause of action. *Rains v. Criterion Sys.*, *Inc.*, 80 F.3d 339, 343 (9th Cir. 1996). Second, under the artful pleading doctrine, one or more

of the plaintiff's state law claims should be recharacterized as a federal claim. *Id.* Third, one or more of the plaintiff's state law claims "necessarily turn[s] on the construction of a substantial, disputed federal question." *Id.*

As I noted in my prior order to show cause, none of these grounds exists here. ECF No. 8. St. Rose responded to my order to show cause in part by moving to amend. ECF No. 9. Magistrate Judge Youchah denied that motion on November 26, 2019. St. Rose did not object to Judge Youchah's order and the time to do so has passed.

I therefore look only to the original complaint. In the original complaint, St. Rose asserts only state law claims and none of its claims should be recharacterized as federal claims. St. Rose's claims turn on a factual question of whether the BLM owned the property at the time it purported to grant the right of way. That does not turn on the construction of a substantial, disputed federal question, at least as presently pleaded. Consequently, I dismiss this action for lack of subject matter jurisdiction, without prejudice to St. Rose filing a new action that adequately sets forth a basis for subject matter jurisdiction in this court. Or, St. Rose can pursue its state law claims in state court.

I THEREFORE ORDER that plaintiff St. Rose Coronado 613, LLC's complaint (ECF No. 1) is DISMISSED for lack of subject matter jurisdiction. The clerk of court is instructed to close this case.

DATED this 13th day of December, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE